## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

|  |  |
|---|---|
| Lori Tillery, | : |
|  | : |
|  | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
|  | : **COMPLAINT** |
| Credit Bureau Systems, Inc.; and DOES 1-10, inclusive, | : |
|  | : |
|  | : |
| Defendants. | : |
|  | : |

For this Complaint, the Plaintiff, Lori Tillery, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     The Plaintiff, Lori Tillery ("Plaintiff"), is an adult individual residing in Mckee, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Credit Bureau Systems, Inc. ("CBS"), is a Kentucky business entity with an address of 100 Fulton Court, Paducah, Kentucky 42001, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by CBS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      CBS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $823.17 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to CBS for collection, or CBS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  CBS Engages in Harassment and Abusive Tactics

12.      After receiving a validation notice regarding the Debt, Plaintiff contacted CBS regarding the Debt.

13.      During this phone conversation, CBS demanded Plaintiff satisfy the Debt in full immediately.

14.     When Plaintiff informed CBS that she could not afford to satisfy the Debt in full and instead offered to make monthly payments, CBS refused to accept Plaintiff's payments.

15.     CBS then threatened it would garnish Plaintiff's wages due to her inability to satisfy the Debt in full right away.

16.      CBS, however, did not have the present ability to affect immediate garnishment of Plaintiff's wages without first obtaining a judgment from court.

**C.  Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**15 U.S.C. § 1692, _et seq._**

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

23.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT,
## Ky. Rev. Stat. Ann. § 367.110, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

28.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

29.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;

5.  Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat.

Ann. § 367.220(3);

6. Actual damages from the Defendants for all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**


Dated: April 25, 2013

Respectfully submitted,

By   */s/ Joseph E. Blandford, Jr.*

Joseph E. Blandford, Jr., Attorney at Law
1387 S. Fourth Street
Louisville, Kentucky 40208
Telephone: (855) 301-2100 Ext. 5535
Facsimile: (888) 653-9237
jblandford@lemberglaw.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237